IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  08-cv-01648-PAB-CBS

MARQUISE HARRIS,

    Plaintiff,

v.

OFFICER DAVID GALLEGOS, *et al.*,

    Defendants.

---

# ORDER OF RECUSAL

---

This matter is before me on defendants Spann and Beyersdorf's Motion for

Disqualification Under 28 U.S.C. § 455 [Docket No. 38].

Plaintiff has filed claims against various state law enforcement officers, Bureau

of Alcohol, Tobacco, Firearms and Explosives ("ATF") agents, and an Assistant United

States Attorney stemming from a traffic stop and vehicle search that took place on

July 27, 2006 in Aurora, Colorado.  Based on evidence seized during such traffic stop,

Mr. Harris was indicted on August 22, 2006 on firearms and drug charges.  The

Assistant United States Attorney who sought the indictment was Arturo Hernandez.

The plaintiff has named Mr. Hernandez as a defendant in this case.  At the time that the

traffic stop occurred and the indictment was returned, Mr. Hernandez was assigned to

the Major Crimes Section of the U.S. Attorney's Office for the District of Colorado,

where I supervised Mr. Hernandez in my former role as the Chief of the Major Crimes

Section.

Section 455(a) of Title 28 of the United States Code states that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A trial judge must recuse himself when there is an appearance of bias, regardless of whether there is actual bias. *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Given that I supervised Mr. Hernandez at the time of the above-mentioned indictment, I find that a reasonable person would harbor doubts about my impartiality. As a result, recusal is required by 28 U.S.C. § 455(a), and I hereby recuse myself from this case. It is therefore

ORDERED that defendants Spann and Beyersdorf's Motion for Disqualification Under 28 U.S.C. § 455 is granted. It is further

ORDERED that the judge's file be returned to the clerk's office for the case to be reassigned by random draw.

DATED January 15, 2009.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge