IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01648-ZLW-CBS

MARQUISE D. HARRIS,
    Plaintiff,
v.

OFFICER DAVID GALLEGOS # 20791,
MATTHEW T. MILLIGAN # 24186,
DETECTIVE CRAIG J. APPEL # 18562,
ANTHONY CAMACHO # 23 277,
DARIN PARKER # 19572,
CHAD CRENICH # 15 680,
DAVID KRIEGER # 21072,
CHAD LAMPSON # 25263,
JAMIE ECKHARDT # 24946,
MARK WALTERS # 12093,
ATF SPECIAL AGENT BRADLEY D. BYERSDORF,
JOE MARTINEZ,
CHIEF OATS,
THE CITY OF AURORA,
ED TAUER (Mayor),
RONALD S. MILLER (Aurora City Manager),
KENNETH SPANN (Resident Agent in Charge), and
ARTURO G. HERNANDEZ (AUSA),
    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on:

1.   "Motion by Defendants Spann and Beyersdorf to Dismiss Amended Complaint" (filed November 26, 2008) (doc. # 25);
2.   "Plaintiff's Motion to Stay" (filed January 7, 2009) (doc. # 31);
3.   "The Federal Defendants' Motion to Stay Discovery" (filed January 16, 2009) (doc. # 43);
4.   "Aurora Defendants' Motion to Compel Plaintiff's Initial Disclosure" (filed February 3, 2009) (doc. # 49);

5.  "Motion by Defendant Hernandez to Dismiss Amended Complaint" (filed February 23, 2009) (doc. # 55); and
6.  "Defendants' Joint Motion to Dismiss for Failure to Prosecute" (filed May 21, 2009) (doc. # 59).

Pursuant to the Order of Reference dated September 23, 2008 (doc. # 9) and the memoranda dated November 26, 2008 (doc. # 26), January 7, 2009 (doc. # 32), January 16, 2009 (doc. # 44), February 3, 2009 (doc. # 50), February 23, 2009 (doc. # 56) and May 21, 2009 (doc. # 60), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, the responses filed by Defendants on January 26, 2009 and January 27, 2009 (docs. # 45 and # 46), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.  Statement of the Case

Proceeding *pro se*, Mr. Harris filed his Amended Complaint on September 5, 2008, alleging three claims against employees of the federal government and of the City of Aurora for: (1) "violations of his Constitutional Rights" on July 27, 2006 based on the use of excessive force; (2) "violations of his Fourth Amendment Rights" on July 27, 2008 through August 2006 based on illegal searches and seizure of his vehicle; and (3) failure "to adequately train and supervise the forementioned [sic] officers." (*See* doc. # 4 at pp. 5-14 of 32). The claims arise out of a traffic stop and searches conducted by Special Agent Beyersdorf and the Aurora Police Department on July 27, 2006 through August 2006. (*See* doc. # 4 at p. 9 of 32). The claims further arise out of Mr. Harris' subsequent complaints about allegedly false grand jury testimony by Special Agent Beyersdorf regarding Mr. Harris' possession of cocaine. (*See* doc. # 4 at pp. 13-14 of 32).

Defendants Gallegos, Milligan, Appel, Camacho, Crenich, Krieger, Lampson, Eckhardt, Walters, Martinez, Parker, Oates, Tauer, Miller, and the City of Aurora ("Aurora Defendants") filed their Answer on November 12, 2009. (*See* doc. # 22). Defendants Spann and Beyersdorf filed a Motion to Dismiss on November 26, 2009. (*See* doc. # 25). On January 7. 2009, Mr. Harris filed a motion seeking to "stay the case for a period of 6 months or one year . . . ." (*See* doc. # 31). On January 16, 2009, Defendants Hernandez, Spann, and Beyersdorf ("Federal Defendants") moved to stay discovery pending resolution of their motions to dismiss. (*See* doc. # 43). On February 3, 2009, the Aurora Defendants filed a Motion to Compel Plaintiff's Initial Disclosures. (*See* doc. # 49). Defendant Hernandez filed a Motion to Dismiss on February 23, 2009. (*See* doc. # 55). All of the Defendants filed a Joint Motion to Dismiss on May 21, 2009. (*See* doc. # 59).

The court held a status conference on March 13, 2009 at which Mr. Harris appeared via telephone with the court's permission. The court ordered Mr. Harris to file his response to Defendants Spann and Beyersdorf's Motion to Dismiss (doc. # 25) and Defendant Hernandez' Motion to Dismiss (doc. # 55) on or before April 6, 2009. (*See* Courtroom Minutes/Minute Order (doc. # 58)). The court further ordered Mr. Harris to file his response to the Aurora Defendants' "Motion to Compel Plaintiff's Initial Disclosure" (doc. # 49) and the Federal Defendants' Motion to Stay Discovery on or before April 20, 2009. (*See id.*). Regarding Mr. Harris' "Motion to Stay" (doc. # 31), the court noted that Mr. Harris had not made a sufficient showing to stay the case and directed Mr. Harris to supplement his Motion with one or more affidavits. (*See* audio transcript of March 13, 2009 hearing (doc. # 58)). As of this date, Mr. Harris has not filed any response to Defendants Spann and Beyersdorf's Motion to Dismiss (doc. # 25), Defendant Hernandez' Motion to Dismiss (doc.

3

# 55), the Aurora Defendants' "Motion to Compel Plaintiff's Initial Disclosure" (doc. # 49), or the Federal Defendants' Motion to Stay Discovery. Nor has Mr. Harris filed any supplement to his Motion to Stay.

On May 21, 2009, the court directed Mr. Harris to file a response to Defendants' Joint Motion to Dismiss for Failure to Prosecute (doc. # 59) no later than June 10, 2009. (*See* Minute Order (doc. # 61)). The court's records reflect that Mr. Harris' copy of the Minute Order has not been returned in the mail as undeliverable. As of this date, Mr. Harris has not responded to Defendants' Joint Motion to Dismiss for Failure to Prosecute (doc. # 59).

II.     Mr. Harris' Motion to Stay

Mr. Harris alleges that he "is the key witness in the Darrent Williams murder case" and that he "is working with the Denver District Attorney's office and the United States Attorneys against Will[ie] D. Clark and the Crips street gang. . . ." (*See* doc. # 31). Mr. Harris alleges that his life is in danger, that he "cannot be seen in public at law libraries or investigating matters in the civil case as it would be very dangerous," and that he cannot appear in public or in person in the federal court. Mr. Harris has moved to "stay the case for a period of 6 months or one year to give plaintiff time to safely do his duties as a U.S. citizen and testify in the murder trial . . . ."

Defendants have responded that while Mr. Harris did find a letter relating to Mr. Clark, he is not a witness in the Darrent Williams case and is not cooperating with law enforcement authorities. Thus, Defendants argue that there is no basis for the stay Mr. Harris requests. Mr. Harris responded at the March 13, 2009 hearing that "the United

States' Attorney's Office is fabricating . . ." and that he would be filing a brief. The court indicated to Mr. Harris that he had not made a sufficient showing to stay the case and directed Mr. Harris to supplement his Motion with one or more affidavits. (*See* Courtroom Minutes/Minute Order (doc. # 58)). To date, Mr. Harris has not provided any supplement to his Motion to Stay.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a district court may stay discovery upon a showing of "good cause." Whether to grant a stay is within the discretion of the Court. *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990) (citation omitted). "A party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (internal quotation marks and citations omitted). The court concludes that Mr. Harris has not made a sufficient showing to stay the case and that Mr. Harris' Motion to Stay is properly denied.

III.   Defendants' Joint Motion to Dismiss for Failure to Prosecute

Mr. Harris has failed to respond to any of the Defendants' pending motions, failed to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and has failed to prosecute this civil action. For these failures, this civil action may be dismissed with or without prejudice. *See Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); Fed. R. Civ. P. 41(b) ("Unless the dismissal order

states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.").

In order to recommend the sanction of dismissal with prejudice of this civil action, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order).  *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the Ehrenhaus criteria").  The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted).  "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."  *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds first that Defendants have been prejudiced.  In the absence of Mr. Harris' participation, Defendants are hindered in proceeding to defend the claims in the lawsuit.  Second, Mr. Harris' continuing disregard for the court's orders has increased the workload of the court and interfered with the administration of justice.  Third, the record does not reveal that anyone other than Mr. Harris is culpable for his failure to respond to the Defendants' pending motions, his ongoing failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and his failure to prosecute this case.  Fourth, the court has warned Mr. Harris that this civil action

may never reach a jury if he fails to comply with the court's orders and the Federal and Local Rules. (*See* audio recording of March 13, 2009 hearing (doc. # 58)). Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has repeatedly failed to comply with previous court orders and the Federal and Local Rules. All of the five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice for failure to respond to the Defendants' pending motions, failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute this civil action.

Accordingly, IT IS ORDERED that:

1. "Plaintiff's Motion to Stay" (filed January 7, 2009) (doc. # 31) is DENIED.

Further, IT IS RECOMMENDED that:

1. "Defendants' Joint Motion to Dismiss for Failure to Prosecute" (filed May 21, 2009) (doc. # 59) be GRANTED and this civil action be DISMISSED WITH PREJUDICE pursuant to D.C. COLO. LCivR 41.1 based upon Mr. Harris' failure to respond to the Defendants' pending motions, failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute this civil action.

2. The "Motion by Defendants Spann and Beyersdorf to Dismiss Amended Complaint" (filed November 26, 2008) (doc. # 25) be DENIED AS MOOT.

3. The "Motion by Defendant Hernandez to Dismiss Amended Complaint" (filed

February 23, 2009) (doc. # 55) be DENIED AS MOOT.

Further, in light of the Recommendation, IT IS ORDERED that:

1.     "The Federal Defendants' Motion to Stay Discovery" (filed January 16, 2009) (doc. # 43) is DENIED AS MOOT at this time.

2.     The "Aurora Defendants' Motion to Compel Plaintiff's Initial Disclosure" (filed February 3, 2009) (doc. # 49) is DENIED AS MOOT at this time.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the Magistrate Judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 22nd day of June, 2009.

BY THE COURT:

  s/Craig B. Shaffer
United States Magistrate Judge